UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN PRESTENBACH, ET AL. | CIVIL ACTION |
| VERSUS | NO. 08-4109 |
| LAFOURCHE PARISH DETENTION CENTER, CRAIG WEBRE, and LAFOURCHE PARISH SHERIFF'S OFFICE | SECTION "N" (4) |

## **ORDER and REASONS**

Before the Court is the Rule 7(a) Reply ordered by this Court on December 8, 2008, *see* Rec. Doc. 11, as well as Plaintiffs' surreply. After reviewing the pleadings, the applicable law, and the memoranda from the parties, the Court rules as set forth herein.

### **I. BACKGROUND**

This suit is brought pursuant to 42 U.S.C. §§ 1983 and the Louisiana wrongful death statute, LA. CIV. CODE art. 2315.2, and arises from the death of Jessica Prestenbach while she was in custody at the Lafourche Parish Detention Center on January 14, 2008. Prestenbach had been involved in a minor auto collision that day, and while investigating the accident, the LaFourche police discovered a warrant for Prestenbach's arrest in neighboring Terrebonne Parish. Prestenbach was detained awaiting transfer to Terrebonne Parish, but while in custody she died in her cell after hanging herself with a cable wire taken from a television in the holding cell.

Prestenbach's husband filed the instant suit on behalf of himself and Prestenbach's minor children on August 6, 2008. Prestenbach claims that all three defendants were acting under color of

the laws and regulations of the State of Louisiana and the LaFourche Parish Sheriff's Office. Compl. at ¶VIII. Plaintiffs claim that

> The defendants had policies and customs in place that enabled its officers and employees to act with deliberate, [*sic*] indifference to the constitutional rights of individuals. There has been a repeated and customary practice of non-supervision of inmates in the defendant's custody and control. This action is done by the deliberate failing to adequately supervise, discipline, or train officers and/or employees.

*Id.* Plaintiffs claim that the exercise of the customs and policies violated Prestenbach's right to be free of "unauthorized seizure of her person and the right to medical care for injuries received while in custody." *Id.* at ¶VIIII. This Court denied certain of Plaintiff's claims. See Order of December 8, 2008 (Rec. Doc. 11), and construing Defendants' answer as raising a defense of qualified immunity, ordered Plaintiff to make a Rule 7(a) reply, pursuant to *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995), "tailored to an answer pleading the defense of qualified immunity." *Id.* at 434. In this reply, Plaintiff claims that Prestenbach failed a field sobriety test, was placed in a holding cell without adequate supervision, had notice that the wire in the holding cell was a potential danger, and nonetheless failed to adequately train and supervise deputies at the facility, which failure caused the death of Prestenbach. However, Plaintiff does not allege that Defendants had notice of Prestenbach's suicidal tendencies.

## II. ANALYSIS

In *Harlow v. Fitzgerald*, the United States Supreme Court established that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the

inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (citation omitted). Because qualified immunity constitutes an immunity from a lawsuit, rather than a mere defense to liability, the defense is intended to give public officials immunity from disruptive and burdensome pretrial matters such as discovery. *Id.* Therefore, adjudication of qualified immunity claims should occur "'at the earliest possible state in litigation.'" *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Since the Court's Order of December 8, 2008, the United States Supreme Court decided *Pearson v. Callahan*, --- S.Ct. ----, 2009 WL 128768 (January 21, 2009), which has substantially changed the analysis in § 1983 cases where defendants plead qualified immunity. Rather than the familiar two-step process derived from *Saucier v. Katz*, 533 U.S. 194 (2001), in which a district court first determined whether officials had violated a constitutional right and then analyzed whether the right was clearly established at the time of the violation, a district court now has discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 2009 WL 128768 at *9.

In its discretion, this Court now considers whether the alleged right claimed by Prestenbach was clearly established at the time of its alleged violation. The Court concludes that it was not. Plaintiff cites to cases suggesting that prison officials have a duty to protect pre-trial detainees in their care. But these few cases either do not support Plaintiff's claim that there is a duty to protect detainees from self-harm absolute a showing of suicidal tendencies, *see Bell v. Wolfish*, 441 U.S. 520 (1979) (if particular condition imposed on pretrial detainee is reasonably related to legitimate nonpunitive governmental objective, it does not, without more, amount to punishment that violates Constitution); or are cases applying state law duty-breach analysis, not federal constitutional law,

3

*see Misenheimer v. West Baton Rouge Parish Sheriff's Office*, 677 So.2d 159, 161 (La. App 1996) (official not liable for death of inmate when unaware of suicidal tendencies); *Manuel v. City of Jennerette*, 702 So.2d 709, 712 (La. App. 1997) (heightened duty to guard prisoner from self-harm when "highly and uncontrollable intoxicated"). Plaintiff has not cited, nor has the Court found, any case suggesting that officials have a constitutional duty to protect pre-trial detainees from self-harm absent any showing of suicidal tendencies.

### III. CONCLUSION

The Court finds that the right alleged by Prestenbach, even if it does exist, was not "clearly established" at the time of the alleged violation. Accordingly, Plaintiff's claims under § 1983 are **DISMISSED WITH PREJUDICE** and the Clerk is **ORDERED** to close the case. However, this dismissal is without prejudice as to any claims Plaintiff may have in a state court of proper jurisdiction under the Louisiana wrongful death statute or other state law.

New Orleans, Louisiana, this 10th day of February 2009.

                                            KURT D. ENGELHARDT
                                            UNITED STATES DISTRICT JUDGE